[No. 6208.]

## CLARKSON v. SHANKS.

1. Motion for New Trial — Right of Party to be Heard — Where the report of a referee is accompanied by the depositions of the witnesses examined before him, it is error to at once enter judgment thereon, refusing to hear counsel upon a motion to vacate the report. The fact that the term of office of the judge is about to expire does not justify the course taken.—(354)

2. Practice—Right of Party to be Heard—It is error to deny hearing upon motion to vacate the report of a referee. That the time of office of the judge is about to expire is no ground to deny such hearing.—(354)

*Appeal from Phillips District Court*—Hon. ED-WARD E. ARMOUR, Judge.

Mr. AUGUST MUNTZING, and Mr. EGBERT MORE, for appellant.

No appearance for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This cause was referred to a referee to report to the court his findings of facts and conclusions of law, for the court's approval. The referee filed his report January 8, 1907. On the same day the defendant, against whom the referee had rendered judgment in the sum of $2,842.45, filed his motion to vacate the report and findings of the referee, and for a new trial, setting forth as grounds therefor, that the award of damages was excessive, that the evidence was insufficient to support the findings, and that error in law had been committed by the referee. The rulings of the court thereon appear in the bill of exceptions as part of the proceedings of January 8, 1907, as follows:

"Whereas, the referee, W. G. Holland, Esq., regularly appointed and qualified, in this case has

heretofore filed his report and recommended therein a form of decree for approval by the court, which, together with the evidence taken at the hearing before said referee, have been read and considered by the court,

"And, Whereas, a motion for a new trial has been filed in the case;

"And, Whereas, the term of the present judge of said court is about to expire and no opportunity can be given for argument upon said motion for new trial;

"And, whereas, upon examination the court is of the opinion that the motion should be overruled;

"Therefore, it is ordered that the said motion for a new trial be, and it hereby is, overruled, without argument, it being impracticable to hear counsel on the same."

The bill of exceptions contains the testimony before the referee. It would require several days to carefully examine the report and intelligently pass upon the objections made and the exceptions taken. On the very day the report was filed, the court approved the same. He declined to hear counsel in support of their motion to vacate the report and for a new trial, for the reason, as stated in the record, that because his term of office was about to expire, it was impracticable to hear them. This, we think, was error. The fact that his term of office was about to expire is no reason why this right should have been denied them. The evidence was in writing; it had not been taken in the presence of the trial judge, and his successor was in as good a position to consider and pass upon it as he was. Counsel are entitled to a reasonable time within which to present arguments in support of a motion for a new trial. The court declined to hear them, and for this reason the judgment is reversed. The cause will be re-

manded, with directions that counsel be allowed to be heard upon the motion to vacate the report of the referee and for a new trial.          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.